U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

JUN 2 0 2017

CLER͟ ͟ ͟     ͟ ͟ COURT
By͟ ͟ ͟ ͟ ͟ ͟ ͟ ͟ ͟ ͟ ͟ ͟ ͟ ͟ ͟ ͟ ͟ ͟
              Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| AUTOBAHN IMPORTS, L.P. D/B/A LAND ROVER OF FORT WORTH, | § § § | |
| Plaintiff, | § § | |
| VS. | § § | NO. 4:16-CV-1172-A |
| JAGUAR LAND ROVER NORTH AMERICA, LLC, | § § § | severed into: 4:17-cv-499-A |
| Defendant. | § § | |

MEMORANDUM OPINION
and
ORDER

Before the court for consideration and decision is the
motion of plaintiff, Autobahn Imports, L.P., d/b/a Land Rover of
Fort Worth ("Autobahn"), for summary judgment.  After having
considered the motion, the response thereto of defendant, Jaguar
Land Rover North America, LLC ("Jaguar"), Autobahn's reply, the
record of this action, and applicable legal authorities, the
court has concluded that plaintiff's motion should be granted in
part, and that the unresolved part should be severed into a
separate action.

I.

Pertinent Background and Litigation History

This action was filed by Autobahn in state court to recover
damages and attorney's fees based on Jaguar's alleged violations
of sections 2301.467(a)(1) and 2301.468 of the Texas Occupations

Code ("Code") and Jaguar's alleged violation of section 1750.50(b)(1) of the Texas Business & Commerce Code.  Doc. 1-4, ¶¶ 26, 29, & 30.[1]  Jaguar removed the action to this court.  Doc. 1.

Autobahn is a retailer/dealer of vehicles of which Jaguar is a distributor/manufacturer.  Doc. 22 at 5.  Jaguar had an incentive-based program, which it referred to as the "Business Builder," contingent, among other things, on a dealer's sales.  Id.  Under the program, Jaguar paid its dealers a percentage of the manufacturer's suggested retail price ("MSRP") on each Land Rover vehicle sold if certain requirements were met.  Id.

A dispute arose between Autobahn and Jaguar as to whether Autobahn's sales of vehicles to leasing companies qualified Autobahn to receive the incentive benefits contemplated by the Business Builder program.  Following an audit of Autobahn's sales from February 1, 2013, through January 31, 2014, Jaguar charged-back against Autobahn $317,204.80, representing incentive benefits that Autobahn had received during that time period from sales to leasing companies.  Id. at 6.

In May 2014, Autobahn initiated an administrative claim against Jaguar for violations of certain provisions of chapter

---

[1]The "Doc. ___" references are to the numbers assigned to the referenced items on the docket in this Case No. 4:16-CV-1172-A.

2301 of Subtitle A of chapter 14 of the Code. Doc. 21 at 6, ¶ 24. On September 7, 2016, the Board of the Texas Department of Motor Vehicles ("Board"), acting through its Chairman, issued a final order resolving in favor of Autobahn its dispute with Jaguar over the incentive payments. Doc. 22 at 28. Jaguar filed a motion for rehearing, which was denied by the Board by decision and order issued October 17, 2016. Id. at 30.

As authorized by section 2301.751(a)(2) of the Code, Jaguar sought judicial review of the Board's final order by a document filed in the Court of Appeals for the Third Judicial District of Texas on November 16, 2016. Doc. 36 at App. 005. The appeal remains unresolved. Id. at App. 050-App. 052.

Autobahn's live pleading in this action is its first amended complaint. Doc. 21. Its allegations clarify the causes of action Autobahn is asserting against Jaguar, by stating them as follows:

1. The first cause of action (Count 1) is a claim by Autobahn against Jaguar under the Texas Deceptive Trade Practices Act ("DTPA"), pursuant to section 2301.805(a) of the Code. Doc. 21 at 4, ¶ 15, & 8-11, ¶¶ 29-40. By this cause of action, Autobahn seeks to recover from Jaguar $317,204.80, trebled to $951,614.40. Id. at 8, ¶ 29, & 12, ¶ 40.

3

2. Autobahn seeks by its second cause of action (Count 2) to recover $317,204.80 from Jaguar for breach of contract, claiming that Jaguar breached its contract with Autobahn by charging back against Autobahn the $317,204.80 mentioned above. Id. at 12, ¶¶ 41-42.

3. Count 3 of the amended complaint seeks a declaratory judgment. The court does not consider that count to be relevant to the court's ruling on Autobahn's motion for summary judgment.

4. Autobahn's fourth cause of action (Count 4) seeks recovery of attorney's fees incurred by it in pursuing its administrative claim against Jaguar and in pursuit of this action. Id. at 13-14, ¶¶ 45-48.

II.

## Grounds of Autobahn's Motion, and Responsive Positions Taken by Jaguar

A. Autobahn's Motion

Autobahn seeks by its motion for summary judgment a summary adjudication in its favor of the first, second, and fourth causes of action described above, which Autobahn refers to in the motion as "its three causes of action against [Jaguar]." Doc. 27 at 4,

¶ 2. It describes in a general way the summary adjudications it seeks as follows:

> Autobahn is entitled to summary judgment on each of its three causes of action against [Jaguar], which it asserted in this matter following an administrative proceeding before the Texas Motor Vehicle Board (the "Board"). First, [Jaguar]'s violations of Chapter 2301 of the Texas Occupations Code (the "Code"), as found by the Board, establish Autobahn's claim under the Texas Deceptive Trade Practices Act ("DTPA") as a matter of law, by virtue of a DTPA tie-in statute contained in the Code. Second, the Board expressly found that the underlying agreements in this matter collectively constitute valid and enforceable contracts that [Jaguar] breached by virtue of wrongful chargebacks. Finally, although Chapter 38 of the Texas Civil Practices and Remedies Code may not allow an award of attorneys' fees against a limited liability company, Autobahn is still entitled to recover its attorneys' fees by prevailing on its claims for violation of the DTPA.

Id. at 4-5, ¶ 2 (footnotes omitted).

B. Jaguar's Response

Jaguar starts its response with its contention that Autobahn is not entitled to pursue this action because it has not exhausted its administrative remedies. Doc. 35 at 1-3 & 5-9. It maintains that Autobahn's administrative remedies have not been exhausted until Jaguar's appeal from the Board's final order has been concluded. Id. at 7. Alternatively, Jaguar argues that even if Autobahn had the authority to pursue this action, there would be no basis for an award of treble damages because Autobahn has not established that the conduct of Jaguar about which

Autobahn complains was committed knowingly, as contemplated by the pertinent section of the DTPA (section 1750.50(b)(1) of the Texas Business & Commerce Code). Id. at 9-11. Jaguar notes that it has credited Autobahn's customer account with the amount of $317,204.80 (subject to a full reservation of rights), with the consequence, Jaguar argues, that it cannot be considered to have knowingly continued to withhold Autobahn's money. Id. at 10-11.

Jaguar adds that even if Autobahn were entitled to recover attorney's fees, its recovery should be limited to attorney's fees incurred in the prosecution of this action, and should not include fees incurred in the Board proceeding or in Jaguar's state court appeal from the Board's final order. Id. at 11-12.

Finally, Jaguar takes the position that Autobahn's motion for summary judgment would be inconsistent with a ruling the court earlier made that Jaguar could not assert a counterclaim against Autobahn in this action because Jaguar had not exhausted its administrative remedies as to the relief it sought by way of the counterclaim. Id. at 12-13.[2]

---

[2]Jaguar included in its responsive brief objections to certain statements made in an affidavit Autobahn submitted in support of its motion for summary judgment. Doc. 35 at 3-4. Rather than to do a separate order directed to those objections, the court is making known that it has given to the contents of the affidavit whatever effect it deserves from an evidentiary standpoint. The court has noted that Jaguar does not contend that any of the statements made by the affiant are not truthful and accurate.

III.

## Analysis

A.    The Threshold Exhaustion Issue

Jaguar's contention that Autobahn cannot pursue its claims in this action so long as Jaguar's appeal from the Board's final order in favor of Autobahn has not been resolved is predicated on the following language used by the Texas Supreme Court in its second opinion in <u>Subaru of Am. v. David McDavid Nissan</u>

> The Board's decision becomes "final" (and thus a party has exhausted administrative remedies) for purposes of a party's pursuing damages in a trial court for Code-based claims: (1) after the time to seek substantial-evidence review of the Board decision expires, if no affected person seeks such review, <u>see</u> Tex.Rev.Civ. Stat. art. 4413(36), § 7.01(a)-(b); or (2) after an affected person who seeks judicial review exhausts the substantial-evidence review avenues, <u>see</u> Tex.Rev.Civ. Stat. art. 4413(36), § 7.01(a).

84 S.W.3d 212, 224 (Tex. 2002).

Jaguar reasons that so long as its appeal from the Board decision is pending, Autobahn, according to the language used by the Texas Supreme Court, has not exhausted its administrative remedies for the purpose of pursuing damages in the trial court for Code-based claims, with the consequence that this court has no jurisdiction to resolve those claims.

Autobahn disagrees, contending that the <u>Subaru</u> language upon which Jaguar relies is pure dicta, and that Jaguar's argument is

directly addressed by section 2301.755 of the Code, which provides that an appeal such as Jaguar has taken from the final Board order, does not affect the enforcement of such an order by an action such as this action Autobahn has brought against Jaguar, and also addressed by the more general provision of section 2001.176(a)(3) of the Texas Government Code that the filing of a petition to vacate a state agency decision for which other than trial de novo is the manner of review authorized by law does not affect the enforcement of an agency decision.

The court has concluded that Autobahn has the better of the exhaustion of administrative remedies argument.

Autobahn is correct in saying that the language of Subaru upon which Jaguar relies is nothing more than dicta. The automobile dealer which initiated Subaru in the trial court had not sought any administrative relief before it initiated the action. Subaru, 84 S.W.3d at 217. Consequently, the dealer was faced with the barrier to judicial relief existing by reason of the exclusive jurisdiction vested in the Board to resolve the kinds of disputes the dealer sought to resolve judicially. There was no need for the Court to discuss what would have happened if the dealer had successfully pursued his administrative remedies

and the losing party in the administrative process had then sought judicial review of the Board ruling.[3]

In passing, the court would further note that the statutes cited by the Court in Subaru in support of the language of that opinion upon which Jaguar relies, do not appear to support the language. The Supreme Court cited sections 7.01(a) and (b) of an earlier version (Tex.Rev.Civ.Stat. art. 4413(36)[4]) of what is now codified as chapter 2301 of the Code. Subaru, 84 S.W.3d at 224. The court cannot find anything in either of the cited sections that supports the conclusions reached by the Subaru court in the language under discussion.

On the other hand, the statutory provisions upon which Autobahn relies for the bringing and prosecution of this action against Jaguar could not be any clearer in establishing that Autobahn had the legal right to bring this action, and now to prosecute it. Section 2001.176 of the Texas Government Code makes clear that a petition to vacate the final order of a state agency that is subject to a substantial-evidence review does not affect the enforcement of the agency's decision. Even more

---

[3]The Subaru dicta on which Jaguar relies was repeated, again as dicta, in the unreported decision of the Dallas Court of Appeals in Ford Motor Co. v. Metro Ford Truck Sales, Inc., No. 05-02-00245-CV, 2002 WL 31296626 (Tex. App.–Dallas Oct. 14, 2002, pet. denied)(not designated for publication).

[4]Tex.Rev.Civ.Stat. art. 4413(36) (2002) is available on Westlaw "Texas Statutes Annotated - Historical" database. It was repealed by Acts 2001, 77th Leg., ch. 1421, § 13, eff. June 1, 2003.

direct to this action is section 2301.755 of the Code, which provides, subject to exceptions not applicable here, "[a]n appeal under this subchapter does not affect the enforcement of a final board order . . . ." Tex. Occ. Code Ann. § 2301.755. There can be no reasonable contention that the Board order Autobahn is seeking to enforce is not a "final board order." Jaguar hardly could argue to the contrary, having explained in its notice of direct appeal from the Board's order that "[Jaguar] brings this administrative appeal seeking judicial review of the actions taken, and a <u>Final Order</u> issued, by Raymond Palacios, Jr. ('Palacios') in his official capacity as the Chairman of the Board of the Texas Department of Motor Vehicles (the 'Board') on September 1, 2016 (<u>the '2016 Final Order'</u>)." Doc. 36 at App. 006 (emphasis added).

To whatever extent Jaguar might be contending that the institution and prosecution of this action does not constitute "enforcement of a final board order," the court would note that such a contention would be without merit. Immediately following section 2301.755 of the Code is the subchapter that defines the "Penalties and Other Enforcement Provisions" that can be utilized to enforce a final Board order. Tex. Occ. Code Ann., Vernon's Texas Codes Ann. at 182-192 (West 2012). Included under the "Penalties and Other Enforcement Provisions" heading is section

2301.805, which authorizes the bringing of a civil action of exactly the kind Autobahn has brought here against Jaguar, and which includes the following provision:

> (b) In an action brought under this section, and in the interest of judicial economy and efficiency, a judgment entered in the action must give deference to the findings of fact and conclusions of law of the board contained in any final order that is the basis of the action.

Code § 2301.805(b).

Thus, the court concludes that Autobahn was entitled to bring, and is now entitled to prosecute, this action for the purpose of enforcing the Board's final order of September 7, 2016, resolving in favor of Autobahn its dispute with Jaguar over the incentive payments. If there otherwise were any uncertainty as to when the Board order became final, it would be resolved by the language of section 2001.144(a)(2)(A) of the Texas Government Code, which reads in pertinent part that: "[a] decision or order in a contested case is final . . . , if a motion for rehearing is filed on time, on the date . . . the order overruling a motion for rehearing is signed." Tex. Gov't Code Ann. § 2001.144(a)(2)(A). In this case, the order overruling Jaguar's motion for rehearing was signed October 17, 2016, Doc. 22 at 30, more than two months before this action was initiated.

B.    The Affirmative Relief Sought by Autobahn

Jaguar's main resistance to Autobahn's request for summary

financial relief based on the conduct of Jaguar about which

Autobahn complains is its contention that Autobahn has not

exhausted its administrative remedies.    The court has rejected

that contention in the preceding subsection of this memorandum

opinion and order.    In its brief in response to Autobahn's

motion, Jaguar all but acknowledges that if it fails in its

exhaustion of administrative remedies contention, the findings

and conclusions of the Board support grant of the relief sought

by Autobahn.    Doc. 35 at 7-9.    Jaguar provided the following

explanation and concession in its responsive brief:

> Autobahn has put forward no summary judgment
> evidence concerning the facts on which this dispute is
> based other than the record of the administrative
> proceeding.    Indeed, Autobahn's Motion states that "all
> that is asked of the Court [by Autobahn's Motion] is an
> application of those facts and law [as decided by the
> Board] to the causes of action afforded to Autobahn to
> enforce the Board's Final Order."    See Autobahn's
> Motion, pp. 8-9, at ¶ 16.    Perhaps in the future, after
> conclusion of the pending substantial-evidence judicial
> review process, that request may be appropriate, but at
> this point it is not.    Because Autobahn has failed to
> exhaust its administrative remedies, it has failed to
> establish as a matter of law that [Jaguar] has breached
> a contract or that [Jaguar] has committed a false,
> deceptive or unfair action which caused damage to
> Autobahn.    And, without a claim for breach of contract

or a DTPA violation, Autobahn has put forward no basis
for the recovery of attorney's fees.

Id. at 7-8 (emphasis added). Considering that this court has

decided that Autobahn has not failed to exhaust its

administrative remedies, there is no basis for a conclusion now

that it has failed to establish as a matter of law that Jaguar

breached a contract, that Jaguar has knowingly committed false,

deceptive and unfair acts which caused damages to Autobahn, and

that there is basis for recovery of attorney's fees.  Those

issues are discussed in more detail below.

1.  The Relief to Which Autobahn is Entitled Against Jaguar
    Under Subchapter E, Chapter 17, Business & Commerce
    Code

Section 2301.805(a)(2)(A) of the Code provides as follows:

(a) Notwithstanding any other law, including
Subchapter E, Chapter 17, Business & Commerce Code, in
addition to the other remedies provided by this
subchapter, a person may institute an action under
Subchapter E, Chapter 17, Business & Commerce Code, or
any successor statute to that subchapter, and is
entitled to any procedure or remedy under that chapter,
if the person:

.   .   .   .

(2) is a franchised dealer who has sustained
damages as a result of a violation of:

(A) Subchapter J of this chapter[.]

Code § 2301.805(a)(2)(A).

Section 2301.805(a)(2)(A) applies because the Board determined that Autobahn sustained damages as a result of Jaguar's violations of sections of the Code found in subchapter J of chapter 2301, specifically, sections 2301.467(a)(1) and 2301.468. Doc. 28 at 27, 30. And, as Autobahn's DTPA claim is a claim under Subchapter E, Chapter 17, Business & Commerce Code, the court must give deference to the findings of fact and conclusions of law of the Board's final order. Code, § 2301.805(b).

Autobahn may recover from Jaguar under the DTPA (1) the amount of its economic damages, (2), if the conduct of the defendant was committed knowingly, . . . three times the amount of economic damages, and (3) attorneys' fees." Tex.Bus. & Com. Code §§ 17.50(b)(1) & (d).

a. <u>Economic Damages Under DTPA</u>

The Board, by incorporating the Proposal for Decision of the Administrative Law Judge, found that Jaguar improperly charged back $317,204.80 against Autobahn for certain incentive payments for sales to leasing companies. Doc. 28 at 20, 30. The Board invalidated and rescinded those chargebacks. <u>Id.</u> at 30. As a result, Autobahn claims that it is entitled to $317,204.80 in economic damages under the DTPA as a matter of law. Doc. 27 at 13. On this point, Jaguar only contests Autobahn's entitlement

14

to economic damages on the basis that the Board's final order is not final and that Autobahn has offered no summary judgment evidence other than the Board's award against Jaguar of a DTPA violation by Jaguar. Doc. 35 at 8-9. And, without conceding it has the obligation to do so, Jaguar has credited Autobahn's customer account in the amount of $317,203.80, subject to certain conditions. Id. at 10-11.

Having concluded that the Board's final order is final and enforceable for the reasons set forth in the preceding section, and giving deference to the findings of fact and conclusions of law to the Board, the court concludes that the record establishes as a matter of law that Autobahn is entitled to $317,204.80 from Jaguar in economic damages under the DTPA.

### b.   Treble Damages Under DPTA

Autobahn further contends that it is entitled to three times the amount of economic damages under the DTPA because Jaguar's conduct was "committed knowingly." Doc. 21 at 8-12; Doc. 27 at 13-16. In support, Autobahn recounts several of Jaguar's failed arguments raised in the underlying administrative proceeding and cites to certain findings of fact and conclusions of law incorporated in the Board's final order that were resolved in Autobahn's favor. Id. Autobahn also points out that Jaguar's undisputed conduct subsequent to the Board's final order

satisfies the "committed knowingly" element. Specifically, Autobahn notes that Jaguar "has withheld and continues to withhold Autobahn's money that was acquired by [Jaguar] through wrongful chargebacks in the face of a final and enforceable order from the Board." Id. at 16. In addition, Autobahn asserts that Jaguar's counterclaim in this action, which the court dismissed on February 27, 2017, merely "assert[ed] the same failed arguments for subsequent Business Builder years in the face of a final and enforceable order from the Board declaring its exact conduct to have violated the Code . . . ." Id.

"Knowingly," as defined in section 17.45 of the Texas Business & Commerce Code, means "actual awareness, at the time of the act or practice complained of, of the falsity, deception, or unfairness of the act or practice giving rise to [Autobahn's] claim . . . ." The Texas Supreme Court explained that:

> "Actual awareness" does not mean merely that a person knows what he is doing; rather, it means that a person knows that what he is doing is false, deceptive, or unfair . . . . In other words, a person must think to himself at some point, "Yes, I know this is false, deceptive, or unfair to him, but I'm going to do it anyway."

St. Paul Surplus Lines Ins. Co., Inc. v. Dal-Worth Tank Co., 974 S.W.2d 51, 53-54 (Tex. 1998).

The court has concluded that for reasons given by Autobahn, the summary judgment record, including the findings and

16

conclusions of the Board, establishes as a matter of law that Jaguar's conduct in issue was "committed knowingly," with the consequence that Autobahn is entitled to receive as damages from Jaguar treble its economic damages, or $951,614.40. The most reasonable inference to be drawn from the summary judgment record is that Jaguar knew that its conduct was false, deceptive, or unfair, but decided nevertheless to engage in that conduct.

c.   The Claim for Attorney's Fees

Autobahn claims that it is entitled to recover attorney's fees "in the administrative case, in trial before this Court, and on appeal of either or both proceedings." Doc. 27 at 18. Having conceded that Chapter 38 of the Texas Civil Practice and Remedies Code does not authorize an award of attorney's fees against a limited liability company, id., Autobahn argues that it is entitled to recover attorney's fees pursuant to section 17.50(d) of the DTPA, which states: "Each consumer who prevails shall be awarded court costs and reasonable and necessary attorneys' fees."

Jaguar contends that the DTPA may, at most, entitle Autobahn to an award of fees incurred in this action, but does not entitle Autobahn to an award of fees incurred in the underlying administrative proceeding. Doc. 35 at 12.

17

The court disagrees with Jaguar. Autobahn is entitled to reasonable attorney's fees incurred by it in this action and in the underlying administrative proceeding because both were necessary to prevail in an action for damages under the DTPA. Before instituting a DTPA action for Code-based claims in this court, Autobahn was required to exhaust administrative remedies before the Board. It has done so, and is entitled to reasonable attorney's fees incurred while it exhausted administrative remedies as well as attorney's fees incurred in the prosecution of this action.

The court is inclined to think that Autobahn should also recover whatever attorney's fees it incurs in the future by reason of the judicial review by the Austin Court of Appeals of the Board's final order, which Jaguar set in motion in an attempt to set aside the findings and conclusions of the Board that are ingredients in Autobahn's successful pursuit of its claims against Jaguar. However, a final resolution of the issue of attorney's fees is premature at this time. The court has concluded that the best course of action at this time would be to sever Autobahn's claim for attorney's fees into a separate action, to be resolved at an appropriate time in the future.

2.   The Breach of Contract Claim

Autobahn also asserts a claim for breach of contract against Jaguar, seeking $317,204.80 in damages. Autobahn references certain findings of fact and conclusions of law incorporated in the Board's final order to argue: (1) Autobahn and Jaguar had a contract, (2) Jaguar is the proper party to sue for the contract, (3) Autobahn performed under the contract, (4) Jaguar breach the contract, and (5) the breach damaged Autobahn in the amount of $317,204.80. Doc. 27 at 17.

Jaguar does not dispute the existence of a contract, but disputes that the contract was breached, and claims that Autobahn is not entitled to summary judgment because the Board's order is not final. Doc. 35 at 8. For the same reasons discussed in awarding Autobahn economic damages under the DTPA, the court finds that Autobahn is entitled to summary judgment on its claim for breach of contract. However, because Autobahn's damages for breach of contract are based on the same harm as its DTPA claim, Autobahn is not entitled to double recovery under both its DTPA and breach of contract claims. See Waite Hill Servs., Inc. v. World Class Metal Works, Inc., 959 S.W.2d 182, 184 (Tex. 1998).

C.   Conclusion

The court has concluded that Autobahn has exhausted its administrative remedies, and is entitled to pursue this action

under the authority of sections 2301.755 and 2301.805 of the Code and section 2001.176 of the Texas Government Code; that the summary judgment record establishes without genuine dispute, and as a matter of law, that Autobahn is entitled to recover economic damages of $317,204.80 from Jaguar, and is entitled to have those damages trebled, for a recovery of $951,614.40 from Jaguar, and that Autobahn will be entitled to recover its attorney's fees incurred in the administrative proceedings and in this action, but the court is not making final determinations on the attorney's fees issue at this time. So that the award of $951,614.40 in favor of Autobahn against Jaguar will be final and appealable, the court is ordering a severance from this action into a separate action.

The court recognizes that Jaguar contends that it has credited to Autobahn's account $317,204.80, subject to certain conditions. It will be up to Jaguar to make whatever adjustments in the conditions to the credit for it to be an unconditional payment on the judgment award. The court concludes that the various arguments made by Jaguar in its response to the motion for summary judgment in opposition to the relief that the court is granting to Autobahn by this memorandum opinion and order are without merit.

IV.

Order

Therefore,

The court ORDERS that Autobahn have and recover from Jaguar the sum of $951,614.40 as a trebling of its economic damages of $317,204.80.

The court determines that there is no just reason for delay in, and hereby directs, entry of final judgment in favor of Autobahn against Jaguar as to such recovery.

The court further ORDERS that a new civil action bearing Case No. 4:17-CV-499, styled the same as the style of the instant action, be, and is hereby, created, and the court ORDERS that Autobahn's claims related to recovery of attorney's fees against Jaguar be, and are hereby, severed into such new civil action; and, the court further ORDERS that Autobahn file by July 5, 2017, in such new civil action, and serve on Jaguar, a complaint limited to the issue of attorney's fees it seeks to recover against Jaguar, and the court further ORDERS that by July 26, 2017, Jaguar will file and serve its answer or other response to such complaint.

SIGNED June 20, 2017.

JOHN McBRYDE
United States District Judge

21